Brown *v.* Throop.

---

GEORGE BROWN *vs.* GEORGE THROOP.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A parol agreement by a tenant on hiring a farm in March for one year from the first of April following, that he will fill an ice-house on the premises and leave it filled at the expiration of his lease, is not within the statute of frauds as an agreement not to be performed within a year.

The leaving the ice-house filled was but a part of the agreement, the filling it being the important part and requiring to be done within the year.

[Argued November 18th, 1890—decided January 7th, 1891.]

ACTION to recover a balance claimed to be due on account; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Litchfield County, and heard before *Roraback*, *J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*R. E. Hall,* for the appellant.

*H. B. Graves,* for the appellee.

ANDREWS, C. J. This is an appeal from a judgment rendered by the Court of Common Pleas in Litchfield County. Three reasons of appeal are given in the record. Only one is pursued in this court; the others may be disregarded. The one argued here is that "the court erred in admitting, against the objection of the defendant, the evidence of James E. Brown in relation to the agreement between the plaintiff and defendant in regard to leaving ice in the ice-house when the plaintiff went away; made in the month of March, 1887."

The plaintiff had had possession of and carried on a farm belonging to the defendant under a contract in writing—being substantially a letting and hiring on shares—from April 1st, 1887, to April 1st, 1888, and by a renewal till April 1st, 1889, when he left. The parties disagreed about their accounts and this suit was brought. Each party filed a bill of particulars containing a great number of items. The defendant in his bill had charged the plaintiff, under the date of February 5th, 1887, the sum of $23.70 "for getting ice." It appeared that when the plaintiff took possession of the farm on the first day of April, 1887, the ice-house thereon was filled with ice. This the plaintiff used during his occupancy of the farm and re-filled the ice-house with other ice; and when he left the premises on the first day of April, 1889, the ice-house was left as full of ice as it was when he took possession. The charge of $23.70 was for getting the ice that was in the ice-house at the time the plaintiff took pos-

session of the farm. The written contract contained no reference to the ice then in the ice-house nor to any re-filling of it with ice. To show that the defendant was not entitled to make said charge or to recover said sum of money the plaintiff called James E. Brown as a witness, who testified that he was present upon the defendant's premises before the execution of the written contract, sometime in the month of March, 1887, with the plaintiff and defendant, and heard them agree, that as the defendant had then filled the ice-house upon the premises in question, the plaintiff should have the same without charge provided he re-filled the ice-house and left as much ice in it when he went away as there was then in it.

The defendant objected to the evidence on the ground that it offended against that clause of the statute of frauds which provides that no action shall be maintained upon any agreement that is not to be performed within one year from the making thereof, unless it be in writing, etc. The objection was not well taken, and was properly overruled. There was no attempt to show an agreement not to be performed within a year. The testimony of the witness was that the plaintiff was to re-fill the ice-house and leave as much ice in it when he went away as there then was. The defendant in his objection and in his argument quotes only the latter part, as though the fact of leaving the ice-house filled at the end of the year was the whole of the agreement. On the contrary it was not the whole of the agreement, nor was it the essential part of the agreement. The real thing agreed to be done was the re-filling the ice-house with ice, so that at the end of the term it could be left filled. The ice-house could not be left full of ice on the first day of April unless it had been previously filled. It could not be filled except during the season for ice, and that was within a year.

In respect to the charge for getting the ice Mr. Throop was the actor; he was the plaintiff and Mr. Brown was the defendant. Mr. Throop asserted that such a condition of things existed as entitled him to charge Mr. Brown for getting the ice which was in the ice-house when Mr. Brown

Brown v. Throop.

came on to the farm. Mr. Brown denied that any such state of things existed. He insisted that there was a totally different state of facts. If the evidence to show Mr. Throop's contention be admissible, then Mr. Brown's evidence must be equally admissible, for they both relate to the same transaction. It would be a strange use of the statute framed to prevent frauds to hold that it permits one side of an agreement to be proved but forbids the other side to be shown.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.